**Raymond HAYES, Plaintiff,**

v.

**CITY OF CHICAGO, Fred Rice, and Joseph Beazley, Defendants.**

**No. 87 C 0956.**

United States District Court,
N.D. Illinois, E.D.

April 7, 1989.

---

**240**

John L. Gubbins, John L. Gubbins & Associates, Ltd., Chicago, Ill., for plaintiff.

Douglas McMillan, Asst. Corp. Counsel, and Robert T. Karmgard, Chief Asst. Corp. Counsel, Gen. Litigation Div., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiff Raymond Hayes ("Hayes") brought this civil rights action before this Court against defendants, City of Chicago ("the City"), Fred Rice ("Rice"), and Joseph Beazley ("Beazley"), pursuant to 42 U.S.C. § 1983. In his complaint, as amended, Hayes alleges that the City, under color of law through its agents Rice and Beazley, unlawfully suspended plaintiff from duty and sought to separate him from the Chicago Police Department. Plaintiff claims that defendants' actions were retaliatory in nature and violated his First Amendment rights to free speech and to petition the government for redress of grievances. As a result, Hayes seeks declaratory and injunctive relief, as well as compensatory and punitive damages. Pursuant to Fed.R.Civ. P. 12(b)(6), defendants filed a motion to dismiss the complaint for failure to state a cause of action upon which relief can be granted. For the reasons set forth below, this Court grants defendants' motion to dismiss plaintiff's complaint.

## FACTS

The undisputed facts as provided by the plaintiff are as follows:

Plaintiff Hayes was a police officer employed by the Chicago Police Department, where Rice was the Superintendent of Police and Beazley was the Director of the Personnel Division. Following an incident in which Hayes discharged his weapon in the course of duty, Hayes was interviewed by Dr. Eric Ostrov, a clinical psychologist and Director of Police Evaluation. On July 5, 1983, defendants placed Hayes on the medical rolls based upon Dr. Ostrov's recommendations. Plaintiff was on medical leave for approximately one year, during which time he underwent therapy with Dr. Maisha Bennett and had several more interviews with Dr. Ostrov, who saw no im-

provement in his condition. Based upon Dr. Ostrov's report, defendant Beazley determined that Hayes was not fit for duty. Hayes was given a leave of absence for disability pension. As a result, plaintiff stopped receiving pay or benefits from the police department.

Hayes filed a grievance with the Fraternal Order of Police, Lodge No. 7 against the City at about the time that Rice placed him on non-duty disability. In his grievance, Hayes charged that Rice violated the collective bargaining agreement by relying on improper criteria to discipline him, and that Rice's order was without just cause. Hayes' grievance was submitted to impartial arbitration.

Hayes also sought benefits from the Retirement Board of the Policeman's Annuity and Benefit Fund of the City of Chicago. As part of this process, Hayes underwent medical and psychiatric evaluations. These evaluations confirmed that Hayes was not disabled and was fit to return to duty. Consequently, the Board refused to extend disability or retirement benefits to him.

On September 28, 1984, Hayes filed suit against Rice and the City, seeking active duty, medical leave, or disability status. On December 23, 1985, the arbitrator ordered the City to reinstate plaintiff to full-time active duty and to compensate him for lost wages and benefits. The City refused to comply with the award and applied to the Circuit Court of Cook County to vacate it. The Cook County Circuit Court denied the application and confirmed the arbitrator's award on February 14, 1986.

Hayes now asserts that defendants intentionally and maliciously retaliated against his rights to free speech and to petition the government for the protection of his right to work and pursue his career. Specifically, Hayes alleges that defendants retaliated against him in the following ways:

(1) defendants investigated Hayes and falsely charged him with the use of marijuana and refusal to obey an order;

(2) defendants sought Hayes' separation from the Chicago Police Department based on false and contradictory evidence of drug use;

(3) defendants required Hayes to perform maintenance duties, which included pumping gasoline into squad cars, washing supervisors' cars, and fingerprinting arrested persons;

(4) defendants ordered Hayes to attend therapy sessions, but refused to reimburse him any therapist's fees or consider the time spent attending therapy as compensatory time;

(5) and defendants suspended Hayes in 1986 for allegedly finding marijuana in a urine specimen from 1984.

Hayes claims that Rice and Beazley's activities were undertaken in their capacities as City of Chicago employees and officials, and, therefore, that they acted under color of law. Hayes allegedly suffered financial loss, mental and emotional distress, and humiliation by his co-workers as a result of defendants' actions.

## DISCUSSION

In considering defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6), we assume that the well-pleaded facts alleged in Hayes' complaint are true. *City of Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir.1976). The allegations in the complaint must be construed in the light most favorable to the plaintiff. *Id.* Moreover, the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### First Amendment Analysis

Courts must use a three-step analysis to determine whether an employer infringed on a public employee's First Amendment rights. *See Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977); *Knapp v. Whitaker*, 757 F.2d 827, 845 (7th Cir.), *cert. denied*, 474 U.S. 803, 106 S.Ct. 36, 88 L.Ed.2d 29 (1985). As a threshold matter, the public employee must establish that he engaged

in constitutionally protected activity. *See Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. at 576. If the challenged activity is protected, the plaintiff must show that the activity was a substantial or motivating factor in the adverse employment decision of which he complains. *Id.* Finally, the defendant-employer can defeat plaintiff's claim if the employer establishes that the employer would have reached the same decision even in the absence of plaintiff's protected conduct. *Id.* We begin with the first step of this analysis.

### Constitutionally Protected Activity

In *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), the Supreme Court established a two-pronged balancing test to be used to determine whether a public employee's First Amendment rights have been violated. First, the court must determine whether the employee's speech dealt with a matter of public concern. *Pickering*, 391 U.S. at 568, 88 S.Ct. at 1734. If so, the court must then "arrive at a balance between the interests of the [employee], as a citizen, in commenting on matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Id.* If Hayes' speech did not address a matter of public concern, it is unnecessary for us to examine the reasons behind defendants' actions and our inquiry is complete. *Connick v. Myers*, 461 U.S. 138, 146, 103 S.Ct. 1684, 1689, 75 L.Ed.2d 708 (1983).[1]

### Matters of Public Concern

 The dispositive issue before us, therefore, is whether Hayes' speech involved a matter of public concern. This issue is a question of law and is determined by "the content, form, and context of [the speech], as revealed by the whole record."

*Connick*, 461 U.S. at 147–8, 103 S.Ct. at 1690. Matters of public concern relate to political, social, or other concerns of the community. *Id.*, 461 U.S. at 146, 103 S.Ct. at 1689. We must look at the *point* of Hayes' speech and determine if he intended to raise an issue of public concern, or merely to further a personal and private interest. *Linhart v. Glatfelter*, 771 F.2d 1004, 1010 (7th Cir.1985). Moreover, the subject matter of plaintiff's grievance must be a matter of public concern if its filing is to be protected under the First Amendment's guarantee of the right to petition the government. *Santella v. Grishaber*, 654 F.Supp. 428, 435–6 (N.D. Ill.1987).

 In the case at bar, Hayes' speech was in the form of a personal grievance and in the context of an employment dispute. Hayes was not speaking to the community as a citizen on a matter of political, social or other public concern. In fact, Hayes acknowledges that he petitioned the court for *his* right to work and pursue *his* career as a Chicago police officer.[2] Clearly, Hayes was motivated not by a concern for the community at large, but to pursue his personal interests as a Chicago police officer. While we agree that retaliatory acts and noncompliance with collective bargaining agreements are matters of public concern, it is plaintiff's speech, not defendants' behavior, which must concern the public if it is to warrant First Amendment protection. *Connick*, 461 U.S. at 146–7, 103 S.Ct. at 1689–90.

Hayes asserts that his actions were a matter of public concern because his actions focused on the relationship between management and employees in general. However, mere litigation of an employment dispute does not *per se* transform the matter into an assertion about employment practices generally. *Santella*, 654 F.Supp. at 435. This is not a case where Hayes

---

**1.** In fact, the Supreme Court in *Connick* explicitly held that if an individual speaks as an employee upon matters of personal interest, and not as a citizen upon matters of public concern, then federal courts are not the appropriate forum in which to review personnel decisions made by a public agency allegedly in reaction to the employee's behavior. *Connick*, 461 U.S. at 147, 103 S.Ct. at 1690.

**2.** Indeed, in plaintiff's Memorandum In Opposition To Motion To Dismiss, Hayes referred to his actions as an "employment dispute" and as involving "private concerns."

sought to specifically challenge general employment practices of the City. *Cf. McKinley v. City of Eloy,* 705 F.2d 1110 (9th Cir.1983) (public employee's speech pertained to pay protests concerning all police officers and, therefore, did not arise within private dispute but concerned general commentary on management/employee relations).

Finally, while we sympathize with plaintiff's position, we cannot allow his claim to prevail; to do so would impermissibly "open the federal floodgates to all manner of petty personnel disputes." *Altman v. Hurst,* 734 F.2d 1240, 1244 (7th Cir.1984). Such employment matters should be resolved through internal employment policies or state court adjudication. *Id.* Because Hayes' speech did not entail a matter of public concern, we conclude that his present action before us necessarily fails.

## CONCLUSION

For the reasons stated in this opinion, this Court grants defendants' the City of Chicago, Fred Rice and Joseph Beazley motion to dismiss plaintiff's Raymond Hayes complaint for failure to state a claim upon which relief can be granted.